Case 4:24-cv-04895   Document 35   Filed on 04/30/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
April 30, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID BROWN, as next friend for minor child R.B., | § § § § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:24-cv-4895 |
| | § § | |
| SPLENDORA INDEPENDENT SCHOOL DISTRICT, *et al.*, | § § § | |
| *Defendants*. | § § | |

## ORDER

Pending before this Court is Plaintiff's Emergency Motion for Permanent Injunction to Release School Records of R.B. to Parents. (Doc. No. 32). Given the pleaded emergency regarding R.B.'s mental health, the Court ordered an expedited response from Defendants. (Doc. No. 33). Defendants obliged. (Doc. No. 34). Having considered the motion, relevant pleadings, and applicable law, the Court **DENIES** the Motion for Permanent Injunction. (Doc. No.32.

### I. Background

This case arises from Splendora ISD's attempts to discipline a high school student. Plaintiff, proceeding *pro se*, alleges that on or about October 24, 2024, Plaintiff's minor son, R.B., was "placed into In-School Suspension (ISS) for reasons purportedly related to tardiness or being 'out of location.'" (Doc. No. 1 at 9). He also alleges that on or about November 21, 2024, R.B. was "attacked on the school bus," but was "summarily suspended for three days," purportedly because of a school-wide policy of automatically suspending students after any physical altercation. (*Id.* at 9–10). Plaintiff allegedly received no notice of these suspensions or any hearing or review process. (*Id.* at 9–10). Subsequently, Plaintiff filed this suit, as next friend of R.B.,

claiming numerous violations of the Texas Constitution, Texas Penal Code, and Texas Education Code. *See generally* (Doc. No. 1).

Shortly after filing his Original Complaint, Plaintiff sought, and was granted, leave to file a Supplemental Complaint. (Doc. Nos. 13, 19). In that Supplemental Complaint, Plaintiff alleges that a teacher "demanded that all students [including R.B.] surrender their personal cell phones by placing them into a 'blue pouch' on the wall," despite the Student Code of Conduct allowing for the possession of personal cell phones as long as they are turned off or on silent. (*Id.* at 4–5). R.B. disobeyed, so the teacher sent him to the principal's office. (*Id.* at 4). While R.B. was initially given an in-school suspension, when Plaintiff "indicated that he would file a formal complaint against Bo Grubbs [R.B.'s teacher]," the Vice Principal and others allegedly "escalated the disciplinary action against R.B." to an out-of-school suspension. (*Id.* at 5–6). For this turn of events, Plaintiff asserted various claims under the Fourteenth Amendment and Texas Education Code.

Now, Plaintiff moves for a permanent injunction against Defendants compelling them to "immediately provide Plaintiff with all requested records concerning RB." (Doc. No. 32 at 8). Plaintiff's chief concern is that R.B. allegedly wrote on an English exam that "no one is going to even read [this] test and that he thinks he will off himself," raising grave mental health concerns. (*Id.* at 3). The various records he seeks include two English tests taken by R.B.; all disciplinary referrals against R.B. for the school year; a form that R.B. filled out regarding an in-class incident; tardy policies of Splendora ISD; a complete list of R.B.'s suspensions and the reasons therefor; counseling and psychological records of R.B.; teacher and school counselor evaluations of R.B.; reports of R.B.'s behavioral patterns; records of assistance for R.B.'s learning difficulties; information on targeted assistance to help R.B. achieve mastery of state standards; and information

2

about the professional qualifications of R.B.'s teachers and paraprofessionals. (*Id.* at 4–5). Plaintiff claims that he submitted requests for the same records but Defendants have failed to produce them. (*Id.* at 5).

## II.   Analysis

To start, the Court notes that, while Plaintiff titles his motion as one for permanent injunction, it is more accurately characterized as a motion for preliminary injunction. Even more accurately, it is a discovery request or, at best, a motion to compel discovery. To be sure, the standard for a preliminary injunction "is essentially the same as for a permanent injunction," but, to obtain a permanent injunction, Plaintiff must show *actual* success, not mere likelihood of success. *Amoco Prod. Co. v. Village of Gambell, AK*, 480 U.S. 531, 546 n.12 (1987). That, of course, is impossible to show at this stage because no trial or even summary judgment has occurred or been granted. As such, the Court will consider Plaintiff's motion as one for preliminary injunction.

To show his entitlement to a preliminary injunction, Plaintiff must establish four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

Plaintiff cannot show a likelihood of success for two reasons. First, the basis for Plaintiff's motion is that Defendants allegedly violated several sections of Family Education Rights and Privacy Act ("FERPA") and the Texas Education Code, but these bear little resemblance to what is actually alleged either in the Original Complaint and the Supplemental Complaint. The only overlap between the asserted statutory grounds in the present motion and Plaintiff's Complaints is

§ 26.001 of the Texas Education Code, which merely sets out the purpose of the Code. It does not create a substantive right that can be vindicated through an injunction. In effect, Plaintiff is seeking to enjoin Defendants on a wholly different basis from his underlying claims. By doing so, he only attempts to show that his likelihood of success on those new, different, and unpled bases, rather than on his underlying claims. That misunderstands the law, which requires him to show that he is likely to succeed on the underlying substantive claims. *See Walgreen Co. v. Hood*, 275 F.3d 475, 478 (5th Cir. 2001) (affirming denial of preliminary injunction because the plaintiff did not show "a substantial likelihood of success on the merits *of its underlying claim*") (emphasis added).

Second, even if preliminary injunctions were authorized merely by Plaintiff's showing of his likelihood of success on his unpled bases, Plaintiff fails to make such a showing. His FERPA claim based on 20 U.S.C. § 1232g (*i.e.*, Defendants allegedly denied Plaintiff's right to inspect R.B.'s inspection records) fails because the Supreme Court of the United States has unequivocally held that § 1232g does not create private causes of action, even under § 1983. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 290–91 (2002). Even assuming it created a private right of action, § 1232 gives Defendants up to 45 days to produce the documents, which, according to the allegations, expires on May 9, 2025—still over a week later from the date of this Order. Moreover, while the Texas Education Code does provide parents with a right to access certain information, the sections under which Plaintiff seeks access either do not provide a deadline, Tex. Educ. Code §§ 26.004, 26.005, 26.008, or provide deadlines that have not yet passed, *id.* § 26.006.

Defendants have now pleaded that they are "now producing the documents he asked for" and will complete that production by "close of business on Friday, May 2, 2025." (Doc. No. 34 at 1–2, 4). This entire issue will become moot since the relief sought—the production of documents—

4

is being provided, as represented by Defendants, even without a direction from this Court. The Court accepts and relies on that representation of Defendants'.

Finally, Plaintiff has not shown that he will suffer irreparable harm from the inevitable slight delay in document production as Defendants work to provide Plaintiff with the myriad of information he requested. While it is clear that the subject matter of the documents is serious, it is also clear that Plaintiff has been kept informed of the issue since it first arose. The English test in question was administered "in late March." (Doc. No. 34 at 2). Plaintiff concedes that he first orally requested the information from Defendants on March 25, 2025. (Doc. No. 32 at 3). More than two weeks later did he submit a written request, on April 9, 2025. (*Id.* at 4). It was not until two weeks later still that Plaintiff filed the present motion, entitling it an "emergency motion." *See* (Doc. No. 32). The unexplained, self-imposed delays in seeking the information fail to convince the Court that the documents Plaintiff seeks truly constitutes an emergency. While Plaintiff's concern for his child's mental health is understandable, his need for the documents he requests does not seem emergent—especially since Defendants "informed Brown of the statement [in question] that same day" and will provide the requested documents by the end of the week. (Doc. No. 34 at 2).

Lastly, Plaintiff seeks "reasonable attorney's fees and costs." (Doc. No. 32 at 9). Given Plaintiff is proceeding *pro se*, he is not entitled to attorney's fees. *See Perkins v. Tex. Dept. of Crim. Justice-Correctional Institutional Div.*, 514 F. App'x 488, 489 (5th Cir. 2013) ("[Plaintiff] is not entitled to attorneys' fees as a pro se litigant."). The parties shall bear their respective costs.

### III. Conclusion

For the foregoing reasons, Plaintiff's Emergency Motion for Permanent Injunction to Release School Records of R.B. to Parents is **DENIED**. (Doc. No. 32).

It is so ordered.

Signed on this the 30th day of April, 2025.

_____
Andrew S. Hanen
United States District Judge